UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEATHA MUNAI | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WAL-MART, INC., WAL-MART STORES TEXAS, LLC, WAL-MART STORES EAST, INC., AND ASSEMBLED PRODUCTS CORPORATION | § § § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant WAL-MART STORES TEXAS, LLC ("Walmart") (also incorrectly named by Plaintiff as Wal-Mart, Inc. and Wal-Mart Stores East, Inc.), and, with the consent and agreement of Assembled Products Corporation ("Assembled Products"), files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the 164th Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

## I.
## NATURE OF SUIT

1.  Plaintiff, Leatha Munai ("Plaintiff"), claims she suffered injuries at a Walmart store in Houston, Texas on June 15, 2020, after a motorized shopping cart she was riding upon malfunctioned and struck a meat cooler. *See* Ex. A at ¶¶ 12, 15. Plaintiff asserted various claims of negligence against Walmart. *See id.* at ¶¶ 18-32. Plaintiff also sued Assembled Products, alleging that they manufactured and designed the motorized shopping cart; Plaintiff asserted various products liability actions and a breach of warranty action against Assembled Products. *See id.* at ¶¶ 9, 33-59.

2. Plaintiff's lawsuit expressly seeks monetary damages of between $250,000.00 and $1,000,000.00. *See id.* at ¶¶ 1-2 ("Plaintiff seeks monetary relief over $250,000"; "Plaintiff seeks monetary relief of $250,000 to $1,000,000").

## II.
## TIMELINESS OF REMOVAL

3. Plaintiff filed this lawsuit on June 10, 2022. Plaintiff served Walmart with her Original Petition on June 15, 2022.

4. Walmart's Notice of Removal is timely filed, as it is being filed within 30 days after the date it was served on Walmart. *See* 28 U.S.C. § 1446.

## III.
## BASIS FOR REMOVAL JURISDICTION

5. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. Diversity of citizenship exists between the parties.**

<u>Plaintiff</u>

6. Plaintiff resides in Texas and resided there at the time she filed suit. *See* Ex. A at ¶ 3. Thus, at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Plaintiff was a citizen of the State of Texas.

<u>Walmart entities</u>

7. Plaintiff named three Walmart entities as defendants in her lawsuit: (1) Wal-Mart, Inc.; (2) Wal-Mart Stores Texas, LLC; and (3) Wal-Mart East, Inc. *See id.* at ¶¶ 4-6. Although only Wal-Mart Stores Texas, LLC is a proper Walmart entity and defendant for this case, none of those entities would be a citizen of Texas.

Wal-Mart Stores, Inc.

8.     There is currently not an entity operating identified as Wal-Mart Stores, Inc. That was the prior name of a currently operating entity, Walmart Inc. *See* Ex. C. The Wal-Mart Stores, Inc. entity name became inactive on December 15, 2017. *See id.* at 3–5. Further, Walmart Inc. is not a proper defendant for this case, as it was neither the owner nor the operator of the premises at issue. As such, it cannot be liable for Plaintiff's slip-and-fall incident.

9.     Regardless, even if Plaintiff were to contend that a proper legal basis existed to join Walmart Inc. to this suit, Walmart Inc. is diverse from Plaintiff. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quoting 28 U.S.C. § 1332(c)(1)). At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Walmart Inc. was a corporation and was incorporated in the State of Delaware under the laws of the State of Delaware. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Walmart Inc.'s principal place of business was located in the State of Arkansas. Therefore, at all times relevant to this matter, Walmart Inc. was a citizen of the States of Arkansas and Delaware.

10.    Although Walmart Inc. is not a proper entity for purposes of this suit (or is, at most, a nominal defendant), to the extent Plaintiff contends that Walmart Inc. is a proper party to this case and to the extent the Court believes Walmart Inc. should remain as a named defendant, Walmart Inc. is represented by the same undersigned counsel as Wal-Mart Stores Texas, LLC in this matter and consents to this removal.

Wal-Mart Stores Texas, LLC

11. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Stores Texas, LLC was a Delaware limited liability company, formed under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. The citizenship of a limited liability company is determined by the citizenship of all its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). If the member of an LLC is another business entity, the citizenship of that entity must be properly alleged. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009). At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Stores Texas, LLC had only one member.

12. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, the sole member of Wal-Mart Stores Texas, LLC was Wal-Mart Real Estate Business Trust. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Real Estate Business Trust was a statutory business trust organized and formed in Delaware under the laws of the State of Delaware and with its principal place of business in the State of Arkansas. The citizenship of a statutory trust, including a statutory business trust, is determined by the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017). At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, the sole member or shareholder of Wal-Mart Real Estate Business Trust was Wal-Mart Property Co.

13. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Property Co. was a corporation. As a corporation, Wal-Mart Property Co. is

considered a citizen of every state where it is incorporated and every state where its principal place of business is located. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 314; 28 U.S.C. § 1332(c)(1). At the time Plaintiff filed her lawsuit and at the time Walmart files this Notice of Removal, Wal-Mart Property Co. was incorporated in the State of Delaware, under the laws of the State of Delaware. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Property Co.'s principal place of business was located in the State of Arkansas. Therefore, at all times relevant to this matter, Wal-Mart Property Co. was a citizen of the States of Arkansas and Delaware.

14. Because, at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Property Co.'s was a citizen of the States of Arkansas and Delaware, Wal-Mart Real Estate Business Trust shared that same citizenship during those times. Thus, at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Real Estate Business Trust was a citizen of the States of Arkansas and Delaware.

15. Because, at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Real Estate Business Trust was a citizen of the States of Arkansas and Delaware, Wal-Mart Mart Stores Texas, LLC shared that same citizenship. Thus, at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Stores Texas, LLC was a citizen of the States of Arkansas and Delaware. This is where the inquiry ends. *See also Rossignol v. Walmart Inc.*, Civ. Action No. 2:18-CV-274, 2018 WL 6521534, *1 (S.D. Tex. Dec. 12, 2018) (finding that the court's diversity inquiry for Wal-Mart Stores Texas, LLC ended at Wal-Mart Property Co. because it was a Delaware corporation with its principal place of business in Arkansas). The Fifth Circuit also recognizes that Wal-Mart Stores Texas,

LLC is diverse from Texas citizens. *See, e.g.*, *Huynh v. Walmart Inc.*, 30 F.4th 448, 452 n.2 (5th Cir. 2022); *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 176 n.1 (5th Cir. 2018).

<u>Wal-Mart Stores East, Inc.</u>

16. Plaintiff's Original Petition contends that, on June 15, 2020, Wal-Mart Stores East, Inc. owned, leased, possessed, operated, controlled, maintained, or managed a property, known as Walmart (Store No. 1103), located at or near located at 3450 FM 1960 Road West, Houston, TX 77068. *See* Ex. A at ¶ 12. It is unclear what Plaintiff is basing this contention upon; it is not accurate. Wal-Mart Stores East, Inc. neither owned, operated, leased, possessed, controlled, nor maintained the Walmart store at issue. Further, at the time of all the underlying events in question (alleged as June 15, 2020), at the time Plaintiff filed her lawsuit, and at the time Walmart filed this Notice of Removal, Wal-Mart Stores East, Inc. was not an operating entity within the State of Texas. *See* Ex. C.

17. Wal-Mart Stores East, Inc. did apply for a certificate of authority to do business in Texas back in 1996. *See* Ex. C at 1. However, it was terminated in 1999. *See id.* In 2000, Wal-Mart Stores East, Inc. filed a new certificate of authority to do business in Texas. *See id.* at 2. However, that certificate was withdrawn in June of 2013. *See id.* at 2-3. There is no other filings with the Texas Secretary of State that Wal-Mart Stores East, Inc. is transacting any business in Texas. However, Wal-Mart Stores East, Inc. was an Arkansas corporation with its principal place of business in the State of Arkansas. *See id.* at 3.

18. There is an existing and operating Walmart entity named Wal-Mart Stores East, L.P., but that entity is also not a proper party to this case and is not a Texas citizen. Wal-Mart Stores East, L.P. neither owned, operated, leased, possessed, controlled, nor maintained the

Walmart store at issue. However, out of an abundance of caution, Walmart will identify this entity's citizenship as well.

19. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Stores East, LP was a Delaware limited partnership formed under the laws of the State of Delaware. The citizenship of a limited partnership is determined by the citizenship of each of partner. *Harvey*, 542 F.3d at 1079. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Stores East, LP had two partners: WSE Management, LLC and WSE Investment, LLC.

20. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, both WSE Management, LLC and WSE Investment, LLC were Delaware limited liability companies, both of which were formed under the laws of the State of Delaware and both of which had their principal places of business in the State of Arkansas. The citizenship of both WSE Management, LLC and WSE Investment, LLC is determined by the citizenship of each of its members. See *Harvey.* at 1080.

21. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, WSE Management, LLC had only a single member: Wal-Mart Stores East, LLC. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, WSE Investment, LLC also had only a single member and that single member was also Wal-Mart Stores East, LLC. If the member of an LLC is another business entity, the citizenship of that entity must be properly alleged. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009).

22. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Stores East, LLC was an Arkansas limited liability company formed under

the laws of the State of Arkansas and had its principal place of business in the State of Arkansas. As a limited liability company, the citizenship of Wal-Mart Stores East, LLC is determined by the citizenship of each of its members. See *Harvey.* at 1080. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Stores East, LLC had only a single member.

23. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, the sole member of Wal-Mart Stores East, LLC was Walmart Inc. Walmart Inc. is a corporation. Its citizenship is determined by its state of incorporation and the state of its principal place of business. *MidCap Media Fin., L.L.C.*, 929 F.3d at 314; 28 U.S.C. § 1332(c)(1). As previously noted, at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Walmart Inc. was a Delaware corporation, incorporated under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. Thus, at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Walmart Inc. was a citizen of Delaware and Arkansas. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 314.

24. Because Walmart Inc. was a citizen of the States of Delaware and Arkansas at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Stores East, LLC was also a citizen of the States of Delaware and Arkansas at those same times. Because Wal-Mart Stores East, LLC was a citizen of the States of Delaware and Arkansas at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, both WSE Management, LLC and WSE Investment, LLC were also citizens of the States of Delaware and Arkansas at those same times. Because WSE Management, LLC and WSE Investment, LLC were citizens of the States of Delaware and Arkansas at the time Plaintiff filed her lawsuit and at

the time Walmart filed this Notice of Removal, Wal-Mart Stores East, L.P. was also a citizen of the States of Delaware and Arkansas at those same times.

25. Although Wal-Mart Stores East, LP is not a proper party for this case (and has not been named) or would be, at most, a nominal defendant, even if Plaintiff's incorrect reference to Wal-Mart Stores East, Inc. was intended to encompass Wal-Mart Stores East, LP or to the extent Plaintiff might try to contend that Wal-Mart Stores East, LP is a proper party to this case, Wal-Mart Stores East, LP is not a Texas citizen. Further, Wal-Mart Stores East, LP would be represented by the same undersigned counsel as Wal-Mart Stores Texas, LLC in this matter and consents to this removal.

Assembled Products Corporation

26. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Assembled Products Corporation was a corporation. Therefore, it is a citizen of every state where it is incorporated and every state where its principal place of business is located. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 314; 28 U.S.C. § 1332(c)(1). At the time Plaintiff filed her lawsuit and at the time Walmart files this Notice of Removal, Assembled Products Corporation was incorporated in the State of Arkansas, under the laws of the State of Arkansas. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Assembled Products Corporation's principal place of business was located in the State of Arkansas. Therefore, at all times relevant to this matter, Assembled Products Corporation was a citizen of the State of Arkansas. Assembled Products Corporation has consented to this removal.

Complete diversity of citizenship exists

27. As shown above, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and the defendants pursuant to 28 U.S.C. §

1332. Plaintiff is a citizen of Texas. The served defendants are, collectively, citizens of Delaware and Arkansas. None of the defendants are citizens of the State of Texas. As such, Walmart has satisfied the requirement of demonstrating diversity of citizenship between the parties.

**B. The amount in controversy exceeds $75,000**

28.     For purposes of a removal, a defendant's notice of removal only needs to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). Here, it is facially apparent from the face of Plaintiff's lawsuit that the amount in controversy requirement is satisfied here, because Plaintiff expressly pleaded that she sought monetary relief from her lawsuit in a sum between $250,000.00 and $1,000,000.00. *See* Ex. A at ¶¶ 1-2. For this reason, the amount-in-controversy requirement has been satisfied.

## V.
## THIS NOTICE IS PROCEDURALLY CORRECT

29.     Based on the aforementioned facts, the State Court Action may be removed to this Court by Walmart in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division; (ii) venue is proper in this District because the state court where the action is pending is in this District; (iii) this action is between citizens of different states; and (iv) the amount in controversy exceeds $75,000, exclusive of interest and costs as specifically plead in the Petition. Further, all the defendants have consented to this removal.

30.     Upon filing of this Notice of Removal of the cause, Walmart gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court of the 164th Judicial District Court, Harris County, Texas,

where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

31.     Walmart retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion or other filing.

## IV.
## CONCLUSION AND PRAYER

32.     Walmart has established that the amount in controversy exceeds $75,000.00 and that diversity of citizenship exists between the parties. Therefore, removal is proper in this case.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Neal A. Hoffman
State Bar No. 24069936
Federal ID No. 1048603
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com
nhoffman.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 15th day of July 2022.

Damon Mathias
MATHIAS RAPHAEL, PLLC
13601 Preston Rd., Suite W217
Dallas, Texas 75240

*/s/ John A. Ramirez*
John A. Ramirez