6/10/2022 5:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65349856
By: Maria Rodriguez
Filed: 6/10/2022 5:03 PM

- **CAUSE NO. \_\_\_\_**

| | | |
|---|---|---|
| **LEATHA MUNAI** | § | **IN THE DISTRICT COURT** |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | **\_\_ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **WAL-MART, INC.; WAL-MART** | § | **HARRIS COUNTY, TEXAS** |
| **STORES TEXAS, LLC; WAL-MART** | § | |
| **STORES EAST, INC.; and** | § | |
| **ASSEMBLED PRODUCTS** | § | |
| **CORPORATION** | | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, LEATHA MUNAI, Plaintiff, complaining of and against Defendants Wal-Mart, Inc., Wal-Mart Stores Texas, LLC, Wal-Mart Stores East, Inc., and Assembled Products Corporation (hereinafter, "APC"), and would respectfully show unto the Court as follows:

### I.  DISCOVERY - CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.1 and 190.2 and affirmatively pleads that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $250,000.

### II. RELIEF

2.      Plaintiff seeks monetary relief of $250,000 to $1,000,000 excluding interest, statutory or punitive damage and penalties and attorneys fees and costs  Tex R. Civ. P. 47(c)(2).

### III. PARTIES AND SERVICE

3. Plaintiff, Leatha Munai, currently resides in Houston, Texas. The last three digits of her social security number are 128 and the last three digits of her driver's license number are 337.

4. Defendant, Wal-Mart, Inc. is a corporation that may be served by serving its registered agent for service, CT Corporation System, located at 1999 Bryan. Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. **Issuance of citation is requested at this time.**

5. Defendant, Wal-Mart Stores Texas, LLC is a corporation that may be served by serving its registered agent for service, CT Corporation System, located at 1999 Bryan. Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. **Issuance of citation is requested at this time.**

6. Defendant, Wal-Mart Stores East, Inc. is a corporation that may be served by serving its registered agent for service, Corporation Service Company, located at 800 Brazos Street, Suite 750, Austin, Texas 78701, or wherever it may be found. **Issuance of citation is requested at this time.**

7. Defendant, Assembled Products Corporation is a corporation whose mailing address is 115 East Linden Street, Rogers, AR 72756. Defendants may be served by serving the Texas Secretary of State at P.O. Box 12079, Austin, Texas 78711-2079, as Defendant's agent for service because Defendants does not have a registered agent for service in Texas. TEX. CIV. PRAC. & REM. CODE §§ 17.026, 17.045(a); TEX. BUS. ORGS. CODE §§ 5.251-5.253. **Issuance of citation is requested at this time.**

### .MISNOMER/ALTER EGO

*Plaintiff's Original Petition*

8.  In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

9.  Pursuant to Rule 28 of the Texas Rules of Civil Procedure, this is a suit against Defendant Wal-Mart and Mart Cart (manufactured by Defendant Assembled Products Corporation) which is a partnership, unincorporated association, private corporation, or individual doing business under an assumed name or d/b/a and, therefore, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right and Plaintiff asks that the court on its own motion or upon motion of any party substitute the true name of this Defendant.

### IV. JURISDICTION

10. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

### V. VENUE

11. Venue is proper in Harris County, Texas under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### VI. FACTS

12. On or about June 15, 2020, Defendants Wal-Mart, Inc., Wal-Mart Stores Texas, LLC, and Wal-Mart Stores East, Inc. (collectively the "Walmart Defendants") owned, leased, possessed, operated, controlled, maintained, or managed a property, known as Walmart (Store No. 1103), located at or near located at 3450 FM 1960 Road West, Houston, TX 77068 (the "Property").

*Plaintiff's Original Petition*

13. At all times hereinafter mentioned, the Walmart Defendants possessed, operated, maintained, managed, and controlled, or had a duty to possess, operate, manage, or control, both directly or indirectly through its agents, servants, contractors and/or employees, the Property, including but not limited to the aisles, floors and shopping carts in the store.

14. In the course of its said operation of the Property, Defendants invited Plaintiff, as a guest, to enter the Property.

15. On or about June 15, 2020, Plaintiff Leahta Munai, 56 years old, was riding a motorized handicap shopping cart, manufactured by APC, and provided by the Walmart Defendants' store, to shop for groceries. As Ms. Munai was riding the scooter, it malfunctioned and lost control. In an effort to help Plaintiff stop the motorized shopping cart, an employee of the Walmart Defendants leapt onto motorized handicap shopping cart to take control of the cart The out of control Mart Cart continued unabated and the cart only came to a stop after violently colliding with a meat cooler with great deal of force causing Ms. Munai's significant injuries.

16. There were no devices, signs, warnings, cones, or other methods of warning were used to call attention to the mechanically compromised nature of the motorized handicap shopping cart, despite that Defendants, by and through their employees, servants, representatives and/or agents, had actual or constructive knowledge of the aforementioned condition for a substantial period of time prior to Plaintiff's entrance of the Property on the aforesaid date and time.

17. As a result of the forceful impact, Plaintiff suffered physical injuries, including medical bills and pain and suffering.

## VII. CAUSES OF ACTION

### A. Negligence of Walmart Defendants:

18.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

19.     At all material times herein, it was the duty of Defendants, prior to and at the time of the occurrence, to exercise reasonable care and caution in and about the ownership, management, maintenance, operation, control, and possession of said premises and its motorized handicap shopping carts so that the same would be in good, safe and proper condition for persons legally and lawfully upon said premises to use and ride upon while shopping so as not to cause harm and injury to such persons and, in particular, Plaintiff.

20.     Notwithstanding the aforesaid duty, Defendants' acts and/or omissions fall below the standard of care and is the proximate cause of the occurrence at issue and Plaintiff's resulting injuries and damages. Defendants, individually and by and through its agents, servants, and employees on its behalf, was in violation of its duty and then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a.   Failed to maintain the premises and motorized handicap shopping cart owned and/or operated by Defendants in good and safe condition despite them being designated for and frequently used by members of the general public and invitees, including Plaintiff;

   b.   Failed to exercise ordinary care to reduce or eliminate the risk of persons such as failing to maintain the safety of the cart in a reasonably safe condition;

   c.   Failed to warn Plaintiff regarding the unstable and dangerous condition of the motorized handicap shopping cart at the Property when Defendants knew or in the exercise of ordinary care, should have known that warnings were necessary to prevent injury to Plaintiff, other members of the general public and invitees;

*Plaintiff's Original Petition*

  d. Failed to make a reasonable inspection of the motorized handicap shopping cart at the Property which ultimately caused Plaintiff's injuries; and

  e. Was otherwise negligent on the aforesaid premises.

21. Each of the above acts and omissions, singularly or any combination of one or more, was the proximate cause of Plaintiff's injuries and damages.

**B. Negligence of Walmart Employee and Respondeat Superior**

22. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

23. At all material times herein, it was the duty of Defendant, prior to and at the time of the occurrence, to exercise reasonable care and caution in and about the ownership, management, maintenance, operation, control, and possession of said premises so that the same would be in good, safe and proper condition for persons legally and lawfully upon said premises to use and traverse so as not to cause harm and injury to such persons and, in particular, Plaintiff.

24. Notwithstanding the aforesaid duty, Defendant's acts and/or omissions fall below the standard of care and is the proximate cause of the occurrence at issue and Plaintiff's resulting injuries and damages.

25. Additionally and/or alternatively, Defendant, as the owner and operator of the Store, is liable for the actions of the Walmart employee as Defendant controlled the details of the Walmart employee's work, including measures, policies and/or procedures to assist patrons and invitees and protect them from harm. The Walmart Defendants are further liable for the Walmart employee's actions for acting as the manager and supervisor on the premises and for negligent hiring, supervision and retention of the Walmart employees.

### C. **Premises Liability:**

26.Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

27.Plaintiff's injuries were caused by a premise defect of which Defendants had "actual knowledge" of before the injury occurred.

28.Plaintiff was a business invitee who entered the Property with Defendants' knowledge and permission and for the mutual benefit of both parties. Thus, Defendants owed Plaintiff the utmost duty of care.

29.Defendants had a duty to make safe or warn against any dangerous condition of which Defendants are aware of or could have discovered with a reasonable inspection. However, Defendants failed to make safe the dangerous condition and failed to warn Plaintiff about the condition.

30.Defendants, as the entities that owned, leased, possessed, operated, controlled, maintained, and/or managed the Property, had a duty to keep the premises under its control in a safe condition and to warn Plaintiff of such dangerous and/or defective conditions.

31.Plaintiff was injured by a defective and/or dangerous condition on the Property, and Defendants breached its duty to remedy the condition and/or warn Plaintiff, proximately causing Plaintiff's damages.

32.Defendants, as the entities that owned, leased, possessed, operated, controlled, maintained, and/or managed the land, failed to refrain from injuring Plaintiff, a business invitee, willfully, wantonly or through gross negligence.

### C. **Strict Products Liability – Manufacturing Defect: Defendant APC**

*Plaintiff's Original Petition*

33. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

34. At all times material herein, Defendant APC was engaged in the manufacturing of motorized shopping carts for sale to grocery stores for use by the general public in the United States and the State of Texas, including the motorized shopping cart that caused injuries to Plaintiff as complained of herein. Defendants distribute motorized shopping carts to retailers throughout the United States.

35. At the time the motorized shopping cart left Defendant APC's possession and control, it was in a condition not contemplated by Plaintiff and was unreasonably dangerous to Plaintiff for its intended and foreseeable use, because the motorized shopping cart failed to conform to applicable design standards and specifications. Specifically, the motorized shopping cart, as manufactured, was unreasonably dangerous to an extent beyond that which would be contemplated by Plaintiff, in that the motorized shopping cart was prone to mechanical breakdown, causing loss of control of the cart by the rider, which ultimately caused Plaintiff to violently crash into a meat cooler while using the motorized shopping cart.

36. Defendants knew and intended that the motorized shopping cart would be used by a consumer without inspection for defects in the product. Defendants also knew, or should have known that, at the time its product left its control, the design, nature, and danger of the motorized shopping cart could cause Plaintiff damage.

37. The defective condition of the motorized shopping cart was a producing cause of the damages sustained by Plaintiff as alleged herein and made the basis of this suit.

38. Plaintiff seeks damages within the jurisdictional limits of this Court.

*Plaintiff's Original Petition*

### D. Strict Products Liability – Design Defect: Defendant APC

39. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

40. At all times material herein, Defendant APC was engaged in the manufacturing of motorized shopping cart for sale to retailers and, ultimately, use by the general public in the United States and the State of Texas, including the motorized shopping cart that caused injuries to Plaintiff as complained of herein. Defendants distribute motorized shopping carts to retailers throughout the United States.

41. At the time the motorized shopping cart left Defendant APC's possession and control, it was in a condition not contemplated by Plaintiff and was unreasonably dangerous to Plaintiff for its intended and foreseeable use as designed, when taking into consideration the utility of the product, the risk involved in its use, and that safer designs were available. Specifically, the defective design was unreasonably dangerous to an extent beyond which would be contemplated by Plaintiff, in that the motorized shopping cart was prone to mechanical breakdown, causing loss of control of the cart by the rider, which ultimately caused Plaintiff to violently crash into a meat cooler while using the motorized shopping cart.

42. Defendants knew and intended that the motorized shopping cart would be purchased by a retailer and used by a consumer without inspection for defects in the product. Defendants also knew, or should have known that, at the time its product left its control, the design, nature, and danger of the motorized shopping cart could cause Plaintiff damage.

43. The defective condition was a producing cause of the damages sustained by Plaintiff as alleged herein and made the basis of this suit.

44. Plaintiff seeks damages within the jurisdictional limits of this Court.

### E. Strict Products Liability – Failure to Warn: Defendant APC

45. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

46. At all times material herein, Defendant APC knew the motorized shopping cart was defective, that it posed a high risk of producing an injurious result in normal use, and that such result was potentially life-threatening to the individual customers of the retailers to whom the product was sold.

47. Notwithstanding this knowledge, Defendants failed to give sufficient, conspicuous notice to purchasers of the grave risks associated with use of the product and, instead, placed and persisted in placing the defective product into the stream of commerce, thus causing harm and injuries to Plaintiff.

48. Defendants were in a position to detect and warn consumers that the motorized shopping cart was prone to mechanical breakdown, causing loss of control of the cart by the rider, but Defendants failed to do so.

49. Defendant's failure to warn Plaintiff of the dangerous and defective motorized shopping cart was a proximate and producing cause of Plaintiff's damages as alleged herein.

50. Plaintiff seeks damages within the jurisdictional limits of this Court.

### F. Products Liability – Gross Negligence: Defendant APC

51. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

*Plaintiff's Original Petition*

52. Defendant APC intended for its product, the motorized shopping cart, to be used by the general public and sold the product at issue to the Walmart Defendants for the products' use by Walmart customers. Plaintiff's injuries resulted from Defendants' gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code §41.003(a). Plaintiff would show that Defendant's acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

53. Plaintiff seeks damages within the jurisdictional limits of this Court.

**G. Breach of Warranty: Defendant APC**

54. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

55. Defendant APC as the designer, manufacturer, marketer, distributor, and/or seller of the product, expressly warranted that the product was fit for its intended purpose, that it was of merchantable quality, and that it was safe and fit for the purposes intended when used in an ordinary manner under ordinary conditions.

56. Defendants breached such warranties by designing, manufacturing, distributing, supplying, and/or selling the product in question when it was neither safe nor fit for the purposes intended.

57. The product in question, the motorized shopping cart, was not altered by Plaintiff. The product was defective when it left the exclusive control of Defendants, and Defendants knew

*Plaintiff's Original Petition*

the product would be used without additional inspection by Plaintiff. The motorized shopping cart was not safe and fit for the purposes intended, and Plaintiff did not receive the goods as warranted.

58. As a direct and proximate cause of Defendants' breach of warranty, Plaintiff has suffered harm and injuries.

59. Plaintiff seeks damages within the jurisdictional limits of this Court.

### H. Gross Negligence: The Walmart Defendants

60. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

61. Defendants' acts and/or omissions described above, when viewed objectively from the standpoint of the actor at the time of their occurrence, involves an extreme degree of risk (considering the probability and magnitude of the potential harm to others) and of which the actor has actual, subjective awareness of but failed to take appropriate measures to prevent against entitling Plaintiff to exemplary damages.

62. Plaintiff's injuries resulted from Defendants' gross negligence which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code Section 41.003(a).

### XIII. DAMAGES

63. As a result of the actions and/or omissions enumerated above, Plaintiff has suffered damages. Specifically, Plaintiff has suffered:

a. Actual Damages;

b. Medical bills and expenses in the past and in all reasonable probability, medical bills and expenses in the future;

*Plaintiff's Original Petition*

c. Physical Pain and suffering in the past and in all reasonable probability, pain and suffering in the future;

d. Mental Anguish in the past and in all reasonable probability, mental anguish in the future;

e. Impairment in the past and in all reasonable probability, impairment in the future; and

f. Disfigurement in the past and in all reasonable probability, disfigurement in the future.

64.  The negligence of Defendants proximately caused the collision made the basis of this lawsuit, and the injuries and damages to Plaintiff complained of herein.

### IX. CONDITIONS PRECEDENT

65.  All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### X. ALTERNATIVE ALLEGATIONS

66.  To the extent any allegation in the FACTS or CAUSES OF ACTION sections that follow are inconsistent with any other allegation, such inconsistent allegations are plead in the alternative pursuant to Texas Rule of Civil Procedure 48. Further, Plaintiff reserves the right to amend and/or supplement this petition as the case progresses and further factual information is obtained.

### XII. NOTICE OF INTENT

67.  Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure §193.7.

### XIII. PRAYER

*Plaintiff's Original Petition*

68. For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a. Actual damages;

b. Medical bills in the past and future;

c. Pain and suffering in the past and future;

d. Mental anguish in the past and future;

e. Physical impairment in the past and future;

f. Disfigurement in the past and future;

g. Exemplary Damages;

h. Costs of court;

i. Prejudgment and post-judgment interest as allowed by law; and

j. All other relief to which Plaintiff is entitled.

Respectfully submitted,

**MATHIAS RAPHAEL PLLC**
13101 Preston Road, Suite 501
Dallas, Texas 75240
Office: 214-739-0100
Facsimile: 214-739-0151
Ori@mrlaw.co
Damon@mrlaw.co
Ashley@mrlaw.co

BY: _____
Damon Mathias
State Bar No. 24080170
Ori Raphael
State Bar No. 24088273
Ashley Goldman
State Bar No. 24123704

**ATTORNEYS FOR PLAINTIFF**

*Plaintiff's Original Petition*