United States District Court
Southern District of Texas
**ENTERED**
April 12, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEATHA MUNAI, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-2365 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| ET AL., | § | |
| *Defendants.* | § | |

# MEMORANDUM AND RECOMMENDATION

This personal injury case is before the Court on Walmart's Motion for Summary Judgment (ECF 43), Walmart's 12(c) Motion for Judgment on the Pleadings (ECF 44), and Defendant Assembled Products Corporation's Motion for Summary Judgment (ECF 47).[1] The Court construes Plaintiff's November 17, 2023 Letter/Statement (ECF 49) and her "Exhibits" (ECF 50) as her Response to the pending dispositive motions. Having reviewed the parties' submission and the law, the Court recommends that Defendants' motions be granted and this case be dismissed with prejudice.

## I.   Background

Plaintiff alleges that she suffered injuries on June 15, 2020 at a Walmart store

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 21.

in Houston, Texas (Store 1103) when the motorized cart she was riding on malfunctioned and collided with a meat cooler. ECF 1-2, ¶ 15. Plaintiff initiated this case by filing an Original Petition in state court on June 10, 2022 against Walmart and Assembled Products Corporation (APC), the manufacturer of the motorized cart, known as a "Mart Cart." ECF 1-2 at 1. Defendants removed the case to federal court based on the diversity of the parties. ECF 1 at 2-10 (setting forth the citizenship of all parties). Defendants' dispositive motions are ripe for determination.

## II.  Standard of Review

### A. Summary Judgment

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the

pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

Furthermore, where the summary judgment record includes relevant video footage, the Court need not draw inferences in the nonmoving party's favor if doing so would contradict the video evidence. *Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (holding that the Court of Appeals should not have viewed the facts in the light favorable to the nonmovant where the nonmovant's version was discredited by video evidence); *Woods et al. v. Harris Cty.*, No. 22-20482, 2024 WL 1174185, at *2 (5th Cir. Mar. 19, 2024) (stating "Although we review evidence in the light most

favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene."). Thus, to the extent video footage contradicts the non-movant's allegations, the Court may rely on the video footage at the summary judgment stage.

### B. Rule 12(c)

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. PRO. 12(c). Rule 12(c) provides a mechanism for resolving cases in which the material facts are not in dispute and the court can render a judgment by looking only at the pleadings and judicially noticed facts. *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020). The standard for dismissal under Rule 12(c) is the same as the standard under Rule 12(b)(6). *Id.* Therefore, to survive a motion to dismiss under Rule 12(c), a complaint must contain sufficient factual allegations to state a claim that is plausible on its face. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid*

*Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III. Analysis

#### A. Plaintiff's claims against Walmart should be dismissed.

##### 1. Plaintiff's negligence and respondeat superior claims should be dismissed pursuant to Rule 12(c).

Plaintiff's Original Petition seeks to recover from Walmart based on the theories of negligence, respondeat superior liability, premises liability, and gross negligence. ECF 1-2. Plaintiff confirmed in an answer to an interrogatory that she is asserting a premises liability claim against Walmart and is not asserting any claim that depends on the act or omission of a Walmart employee. ECF 43-6 at 5-6. However, because Plaintiff's limitation of her causes of action are not contained in a binding stipulation or her Response to the pending dispositive motions, the Court addresses the negligence and respondeat superior claims here.

A person injured on another's property may have *either* a negligence claim or a premises-liability claim against the property owner. *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). Negligence principles apply when the injury results from a "contemporaneous, negligent activity on the property," and premises liability principles apply when the injury results from "the property's condition." *Id.* "[W]hen a claim does not result from contemporaneous activity, the

invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 215 (Tex. 2015).

Plaintiff's Original Petition does not allege a contemporaneous, negligent activity at the Walmart store at the time of her injury. She alleges she was injured by a condition on the premises—a malfunctioning motorized cart. Texas courts have consistently treated "slip/trip-and-fall" cases as premises liability cases. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017); *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 197 (5th Cir. 2014), *certified question answered*, 465 S.W.3d 193 (Tex. 2015) (explaining that Texas courts have generally found slip and fall cases to be based on a premises defect, rather than negligence, theory of recovery). Under Texas law, the distinction between negligence and premises liability is not limited to literal slip/trip-and-fall cases but applies whenever the plaintiff's injury arises from a dangerous condition, as opposed to an activity, on a premises. *United Scaffolding, Inc.*, 537 S.W.3d at 473 (holding that where Plaintiff alleges his injury resulted from a physical condition left on the property and not contemporaneous activity the claim is one for premises liability not general negligence); *see also Olds v. Marmaxx Operating Corp.*, No. CIV.A. H-12-1265, 2013 WL 3899326, at *3-5 (S.D. Tex. July 26, 2013) (applying premises liability principles to injury allegedly caused by malfunctioning automatic doors). Thus, Plaintiff's claim that she was injured when the Mart Cart she was using at a Walmart store malfunctioned can

proceed only on a premises liability theory.

Without a negligence claim, Plaintiff cannot state a claim for gross negligence. *Walgreens v. McKenzie*, 676 S.W.3d 170, 180 (Tex. App.–Houston [14th Dist.] 2023, no pet.) ("Ordinary negligence is a prerequisite to a finding of gross negligence."); *Hall v. Stephenson*, 919 S.W.2d 454, 467 (Tex. App. 1996), writ denied (Oct. 31, 1996) (dismissing gross negligence cause of action due to absence of ordinary negligence claim). Further, Plaintiff fails to allege any negligent act by a Walmart employee that could support respondeat superior liability. *See* ECF 1-2.

Pursuant to Rule 12(c), judgment should be entered in Walmart's favor on Plaintiff's claims for negligence, respondeat superior liability, and gross negligence. Pro se plaintiffs are often granted leave to amend before entry of judgment on the pleadings. However, in this case Walmart moved for summary judgment in addition to judgment on the pleadings under Rule 12(c). In her Response to the motions, Plaintiff has presented no allegations or evidence to support an inference or genuine issue of material fact as to the elements of a general negligence, gross negligence, or respondeat superior claim. Therefore, it is established on the record that leave to amend would be futile.

### 2. Walmart is entitled to summary judgment on Plaintiff's premises liability claim.

In a premises liability case, a plaintiff must prove that the defendant owed the plaintiff a duty of care, the defendant breached that duty, and the breach caused

plaintiff's damages. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). The existence of defendant's duty is a question of law. *Id.* The elements required to prove the existence of a duty in a premises liability claim are well-established:

> (1) actual or constructive knowledge of a condition on the premises by the owner or occupier;
> (2) the condition posed an unreasonable risk of harm;
> (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
> (4) the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*Walker v. Wal-Mart Stores, Inc.*, No. CV 13-1332, 2014 WL 12537084, at *3 (S.D. Tex. June 11, 2014) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). To prove actual or constructive knowledge of a condition on the premises, Plaintiff must prove either that Walmart had actual knowledge that the Mart Cart was defective, or that "it is more likely than not that the [defect in the Mart Cart] existed long enough to give [Walmart] a reasonable opportunity to discover it." *Olds v. Marmaxx Operating Corp.*, No. CIV.A. H-12-1265, 2013 WL 3899326, at *3 (S.D. Tex. July 26, 2013) (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002)); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (reversing jury verdict and rendering judgment for Walmart because the circumstantial evidence supported "only the *possibility* that the dangerous condition existed long enough to

give Walmart a reasonable opportunity to discover it." (emphasis in original)).

Walmart argues it is entitled to summary judgment for two independent reasons. First, Walmart contends Plaintiff cannot prove Walmart's actual or constructive knowledge of any defect in the Mart Cart. Second Walmart argues that unrebutted video evidence in the summary judgment record conclusively demonstrates that the incident Plaintiff describes did not occur in the meat counter area of the store on the day and approximate time alleged by Plaintiff.

The summary judgment evidence demonstrating that Walmart did not have actual or constructive knowledge of a defect and that the incident alleged by Plaintiff did not occur on the date and time described in her pleading includes video footage and the Declaration of Velvet Barnett, the assistant manager on duty at the relevant Walmart store on June 15, 2020. ECF 43-1. On that day, Plaintiff approached Barnett in the store bakery department and reported that the Mart Cart Plaintiff was riding in the meat department would not turn off and caused her to run into a meat bunker. *Id.* ¶ 4. Plaintiff told Barnett that the incident occurred between 4:45 and 5:05 p.m. *Id.* Barnett identified the Mart Cart plaintiff was riding by its serial number and attests that neither she nor anyone she spoke to as part of her investigation had any knowledge of any previous incidents or issues with that Mart Cart. *Id.* ¶¶ 5, 8. One service request was issued for the Mart Cart during the 6-month period before the alleged incident for a damaged power charging cord, an

9

issue unrelated to the malfunction described by Plaintiff. *Id.* ¶ 9. The Mart Cart was available for use daily from May 22, 2020 until June 15, 2020 without incident. *Id.* ¶ 6. Barnett retrieved video from the store's camera system which displays the entire length of the meat department from approximately 4:01p.m. through 6:52 p.m., a period of 45 minutes on either side of the time Plaintiff alleges the incident occurred. *Id.* ¶¶ 10-12. The Court has reviewed the video evidence and confirmed that it reflects no incident matching Plaintiff's allegations. ECF 43-4 (Flash Drive containing 4 video files).

Walmart's summary judgment evidence also includes the Declaration of Ruben Borges, Jr., a Walmart General Maintenance Technician. ECF 43-2. Borges attests that in June 2020, any problem with the Mart Cart at issue would have been reported to him. *Id.* ¶ 2. Borges confirms that he is not aware of, and the service records do not reflect, any issued related to the Mart Cart at issue other than the damaged power cord for charging the Mart Cart, which he repaired. *Id.* ¶¶ 6-8. After he repaired the power charging cord, the Mart Cart was working properly. *Id.* ¶ 8.

Theodore Caston, the manager of Store 1103, also prepared a Declaration in support of summary judgment. ECF 43-3. Caston declares he had no knowledge of any problem with the Mart Cart and store records do not reflect any service on the Mart Cart other than the May 22, 2020 power charging cord repair. *Id.*

10

In response to Walmart's abundant evidence, Plaintiff fails to present any evidence creating an issue of fact regarding a Walmart's actual knowledge of a problem with the Mart Cart. Plaintiff also fails to present any evidence creating an issue of fact as to whether a defect in the Mart Cart was present long enough for Walmart to have a reasonable opportunity to discover it. Plaintiff's evidence consists almost exclusively of her medical records and completely fails to address Walmart's notice of the Mart Cart's dangerous condition. ECF 50.

Beyond the allegations of her Complaint, Plaintiff has no evidence tending to show that the Mart Cart was defective or that the incident she alleges occurred. Plaintiff fails to present a sworn Declaration or any witness statement. On summary judgment, facts must be viewed in light of the nonmoving party "only if there is a 'genuine' dispute as to those facts." *Scott*, 550 U.S. at 380. Where the nonmoving party's version of events is "blatantly contradicted by the record, so that no reasonable jury could believe it, the court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* Here. the Court must view the facts in light of the events depicted on the video. The video contains absolutely no evidence of a Mart Cart colliding with a meat cooler in or around the time period Plaintiff alleges the incident occurred.

For all these reasons, Walmart's Motion for Summary Judgment should be GRANTED.

### B. Plaintiff's claims against APC should be dismissed.

Plaintiff's Original Petition asserts causes of action against APC for strict product liability (based on manufacturing defect, design defect, and failure to warn), gross negligence, and breach of warranty. ECF 1-2 ¶¶ 33-59. As discussed above, the video evidence in the record contradicts Plaintiff's allegations that the Mart Cart she was riding collided with a meat bunker on the date and during the time-period she alleges. As discussed below, Plaintiff fails to create a genuine issue of material fact as to the necessary elements of her claims against APC.

### 1. Plaintiff's strict products liability and negligence claims should be dismissed.

Both strict products liability—deign defect, manufacturing defect, and marketing defect—and negligence theories of product liability require proof of the existence of a product defect. *Herbst v. Deere & Co.*, No. 3:21-CV-44, 2021 WL 5567379, at *1 (S.D. Tex. Nov. 29, 2021). Proof that a product failed or malfunctioned is not sufficient to prevail in a product defect case. *See Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 807 (Tex. 2006) (holding that "[t]he inference of defect may not be drawn ... from the mere fact of a product-related accident."). The Texas Supreme Court has "consistently required expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition." *Gharda v. Control Solutions, Inc.*, 464 S.W.3d 338, 348 (Tex. 2015) (citing *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 137-38 (Tex. 2004)

and *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582-83 (Tex. 2006)); *see also Barnett v. Kia Motors Am., Inc.*, No. 22-20614, 2023 WL 8946196, at *1 (5th Cir. Dec. 28, 2023) (affirming dismissal of plaintiff's case because "[a]bsent the requisite expert testimony, there can be no genuine factual dispute as to whether any product defect caused [plaintiff's] injuries").

Plaintiff conducted no discovery and did not designate a product liability expert to testify regarding product defects in the Mart Cart. Under Texas law, Plaintiff's failure to present competent expert evidence of a defect in the Mart Cart is fatal to her products liability claim. *See Nissan Motor Co., Ltd.*, 145 S.W.3d at 137 ("a specific defect must be identified by competent evidence and other possible causes must be ruled out.").

### 2. Plaintiff breach of warranty claim should be dismissed.

Plaintiff's Original Petition alleges that APC expressly warranted "that the product was fit for its intended purpose, that it was of merchantable quality, and that it was safe and fit for the purposes intended when used in an ordinary manner under ordinary conditions." ECF 1-2 ¶ 55. APC allegedly breached its warranties by "designing, manufacturing, distributing, supplying, and/or selling" the Mart Cart when it was not fit for its intended purposes. *Id.* ¶ 56. A breach of express warranty claim is contractual in nature. *Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 60 (Tex. 2008) (holding that a breach of warranty claim is "part of the basis of a

13

bargain and is contractual in nature."); *Llort v. BMW of N. Am., LLC*, No. 1:20-CV-94-LY, 2020 WL 2928472, at *8 (W.D. Tex. June 2, 2020) (holding that under Texas law a claim for breach of express warranty sounds in contract, not in tort), report and recommendation adopted, No. 1:20-CV-94-LY, 2020 WL 10054589 (W.D. Tex. June 19, 2020). Texas law requires a plaintiff to be in direct privity with the defendant to succeed on an express warranty theory of recovery. *Keith v. Stoelting, Inc.*, 915 F.2d 996, 999 (5th Cir. 1990) ) (citing *Texas Processed Plastics, Inc. v. Gray Enterprises, Inc.*, 592 S.W.2d 412 (Tex.Civ.App.–Tyler 1979, no writ). APC, the manufacturer of the Mart Cart, was not in privity with Plaintiff: it did not sell the Mart Cart to Plaintiff or to someone who then resold it to Plaintiff. Therefore, APC is entitled to summary judgment on Plaintiff's breach of express warranty claim.

To the extent Plaintiff asserts a claim for breach of an implied warranty, her claim cannot survive summary judgment because Plaintiff presents no evidence that the Mart Cart contained a defect. *Llort v. BMW of N. Am., LLC*, No. 1:20-CV-94-LY, 2020 WL 2928472, at *9 (W.D. Tex. June 2, 2020), report and recommendation adopted, No. 1:20-CV-94-LY, 2020 WL 10054589 (W.D. Tex. June 19, 2020) (citations omitted) (a breach of the implied warranty of merchantability claim requires a defect that renders the product unfit for its ordinary purpose, which existed when it left the manufacturer's possession, and which caused plaintiff's

injury). Because Plaintiff has failed to present any evidence of a defect in the Mart Cart, Plaintiff's claim for breach of express or implied warranty cannot survive APC's Motion for Summary Judgment.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendant Walmart's Motion for Judgment on the Pleadings (ECF 44) be GRANTED, Walmart's Motion for Summary Judgment (ECF 43) be GRANTED, and Defendant APC's Motion for Summary Judgment (ECF 47) be GRANTED. The Court further RECOMMENDS that Plaintiff's claims in this case be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 12, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge